McKinney, J.,
delivered the opinion of the court.
This is an action of ejectment. The parties have conflicting titles covering the land in dispute, and the question is, which is the superior title ?
The lessor of the plaintiff claims under a grant to Cum-mins & Powell, for five hundred acres of land, issued 25th February, 1842, founded upon an entry made on the 17th December, 1838, and surveyed 20th February, 1839.
The defendant claims under a grant to Webb, Vanhoozer & Hardin, for seven hundred and nine acres of land, issued 9th June, 1840, founded upon an entry made the 14th of May, 1835, and surveyed 25th November, 1839.
Both these grants cover the land sued for in this action.
The defendant’s grant is the elder, and so likewise is his entry. But on behalf of the lessor of the plaintiff it is insisted, that the younger grant under which he derives claim, overreaches and takes priority of the defendant’s elder grant. The argument upon which this position rests, is, that defendant’s *298 entry, though prior in date to the entry of the plaintiff, was •not, as required by the act of 1837, ch. 9, sec. 2, surveyed within twelve months from the passage of that act; and that, therefore, by the terms of the act said entry became null and void, and the land subject to entry as other vacant land north and east of the military reservation line; and that plaintiff’s entry being special, his grant, founded thereon, relates to the date of the entry, and, therefore, he is vested with the better title to the land described in said grant.
Upon this ground the counsel of both parties have mainly placed the case in argument here; and, for the present, we will confine our consideration of the case to the point thus presented.
The principle that, at law, an elder entry may be given in evidence in connection with a younger grant, to overreach an elder grant for the same land founded on a younger entry, is perhaps peculiar to the lav/ of this State. Originally the remedy, in such case, was in equity, by a bill to divest the title. And the ground of relief was, that the prior entry, being a matter of public record, was notice to all persons, so as to affect the conscience of the subsequent enterer who attempted to appropriate the same land. But to have this effect, the prior entry was required, upon its face, to give notice of the land appropriated.
From an early day, however, our courts of law applied this principle of equity, in the action of ejectment, by permitting the prior enterer to give his entry in evidence, and regarding him as standing in the same condition as if his grant had issued on the day his entry was made. The entry was received as evidence that the State, for a valuable consideration, had parted with the title to the first enterer, and the grant was made to relate to the date of such entry. Ten. Rep. 202, 107, 427, 2 Ten. Rep. 118, 153, 157, Cooke’s Rep. 27, 36.
But all the cases recognizing this doctrine require, that the *299 prior entry, in such case, shall be what is termed a special entry; that is, the entry upon its face must contain such a definite description of the land appropriated, by reference either to its natural features, or to artificial monuments, as to enable subsequent enterers to identify, and ascertain its locality and boundaries.
Is the plaintiff’s entry of this character ? It is in the following words: “Jonathan Powell and Malakiah Cummins enter five hundred acres of land in Warren county, beginning on a stake on the north boundary of a two hundred acre tract of land in the name of Jonathan Powell, running north, west, south and east for complement, if necessary.” This entry is clearly not special, upon its face; nor is it aided, in this respect, by the parol evidence adduced. It has no definite or ascertained beginning or boundary. It may begin at either terminus of a line shown to be near three hundred poles in length, or at any intermediate point on said line, and may be run such courses as may be deemed necessary, and there is nothing on the face of the entry to 'fix the locality or boundaries of the particular tract of land intended to be appropriated.
It results, therefore, that the defendant’s grant being the elder, vests him with the better title to the land in controversy in the present action.
The judgment of the circuit court will be reversed.